EUGENE A. AND ELIZABETH C. ANGLE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Angle v. Commissioner
Docket No. 6477-71.
United States Tax Court
T.C. Memo 1976-227; 1976 Tax Ct. Memo LEXIS 174; 35 T.C.M. (CCH) 998; T.C.M. (RIA) 760227; July 21, 1976, Filed Eugene A. Angle, pro se. [1]
Richard D. Hall, Jr., and Frederick T. Carney, for respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Chief Judge: This case was assigned to and heard by Special Trial Judge Randolph F. Caldwell, Jr., pursuant to Rules 180 and 182, Tax Court Rules of Practice and Procedure. The parties have filed no exceptions of law or fact to Special Trial Judge Caldwell's report. The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE CALDWELL, Special Trial Judge: This case is one of a group of 37 which were *175 consolidated for trial, but not for opinion. At the trial, evidence was received which bears upon every case in the group. Such evidence relates to certain contractual arrangements between the husband-petitioners' employers, Lockheed Aircraft Service Company (hereinafter, "Lockheed") and Dynalectron Corporation (hereinafter, "Dynalectron"), and the United States Air Force, as well as the employment arrangements between field team members (such as the husband-petitioners) and such employers. Respondent determined a deficiency of $187 in petitioners' 1969 Federal income taxes. By amendment to his answer respondent sought an increased deficiency for 1969, in the aggregate amount of $628. The only issue framed by the pleadings was whether all or any portion of the per diem payments received by petitioner Eugene Angle (hereinafter, "petitioner") was includible in his gross income for 1969 under section 61 of the Internal Revenue Code of 1954. Respondent has conceded on brief that the per diem payments received by petitioner in 1969 from Dynalectron, his employer, should not be taxable. Accordingly, on the basis of such concession, the case should be decided *176 for petitioners and a decision of no deficiency and no overpayment for 1969 should be entered. * * * * *
In accordance with the foregoing, Decision will be entered for the petitioners. Footnotes
1. DeQuincy V. Sutton was counsel of record for petitioners at the time of trial. Mr. Sutton died in August 1974, shortly after the last brief was filed. There is presently no counsel of record for petitioners.↩